**LAW OFFICES OF JAN K. APO**

JAN K. APO  2906
jankapo@jankapo.com
MARK D. RECK  9316
markr@jankapo.com
NAOMI M. KUSACHI  9982
naomik@jankapo.com
24 North Church Street, Suite 302
Wailuku, Maui, Hawai'i  96793
Telephone No. (808) 244-6073
Facsimile No.  (808) 495-4441

Attorneys for Plaintiff

**Electronically Filed**
**SECOND CIRCUIT**
**2CCV-21-0000230**
**02-AUG-2021**
**12:28 PM**
**Dkt. 1 CMPS**

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| PATRICIA LEMIRE, and<br>TOM BRZOZOWSKI<br><br>Plaintiffs,<br><br>vs.<br><br>SAFEWAY, INC., a Foreign Profit Corporation; JOHN AND JANE DOES 1-10; JOHN DOE PARTNERSHIPS 1-10; JOHN DOE CORPORATIONS 1-10; and JOHN DOE GOVERNMENTAL ENTITIES 1-10,<br><br>Defendants. | Civil No.<br><br>(Non-Motor Vehicle Tort)<br><br>COMPLAINT; SUMMONS |

<u>COMPLAINT</u>

COME NOW Plaintiffs PATRICIA LEMIRE and TOM BRZOZOWSKI (collectively "Plaintiffs"), by and through their counsel, the **Law Offices of Jan K. Apo**, and for their claims for relief against Defendants above-named allege and aver as follows:

1. Plaintiff PATRICIA LEMIRE ("Plaintiff Patricia") was a resident of the County of Maui, State of Hawai'i at all relevant times herein.

EXHIBIT A

2. Plaintiff TOM BRZOZOWSKI ("Plaintiff Tom") was a resident of the County of Maui, State of Hawai'i at all relevant times herein, and is the legal spouse of Plaintiff Patricia.

3. Defendant SAFEWAY, INC., is a foreign profit corporation, doing business in the County of Maui, State of Hawai'i ("Defendant Safeway") at all relevant times herein.

4. Defendants John and Jane Does 1-10, John Doe Partnerships 1-10, John Doe Corporations 1-10, and John Doe Governmental Entities 1-10 are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiffs, except that they were connected in some manner with named Defendant and/or are persons, corporations, entities, agents, representatives, business entities, associations, employers, employees, or governmental entities or agencies responsible for the manufacture, operation, maintenance, and purchase of the premises involved herein, or were in some other manner presently unknown to Plaintiffs engaged in the activities alleged herein, and/or were in some manner responsible for the injuries and damages to Plaintiffs. Plaintiffs will identify the true names and capacities, activities and/or responsibilities when the same are ascertained. Plaintiffs have made diligent and good-faith efforts to ascertain the identities of those responsible, including a review of material generated in the investigation of the incident which forms the basis of this action.

5. The circumstances that give rise to this action involve an incident that occurred on March 29, 2020, in the County of Maui, State of Hawai'i, within the jurisdiction of this Court.

## FACTS APPLICABLE TO ALL COUNTS

6. Plaintiffs restate the allegations of Paragraphs 1 through 5 and incorporate those paragraphs by reference.

7. Defendant Safeway operates a supermarket located at 277 Pi'ikea Avenue in Kihei, Hawai'i ("Safeway Kihei").

8. Plaintiff Patricia was shopping at Safeway Kihei and as she was walking down an aisle, she slipped and fell on water that was on the floor.

9. The white tile flooring made it difficult for Plaintiff Patricia to see the water as she walked down the aisle.

10. When speaking with a store employee after the incident, Plaintiff Patricia was told by the employee that the store management was aware of water leaking from refrigeration units in the subject aisle and on to the tile floor.

11. As a result of said occurrence, Plaintiff Patricia sustained substantial bodily injury, resulting in the damages to Plaintiff Patricia.

12. At the time of the incident, Plaintiff Patricia was married to Plaintiff Tom.

## COUNT I
## NEGLIGENCE OF DEFENDANT SAFEWAY, INC.

13. Plaintiffs restate the allegations of Paragraphs 1 through 12 and incorporate those paragraphs by reference.

14. At all relevant times hereto, Defendant Safeway was responsible for the upkeep, maintenance, monitoring, cleaning and/or warnings with respect to the property.

15. As the entity responsible for the property on which Plaintiff Patricia was injured, Defendant Safeway had a duty to Plaintiff Patricia to protect her from any hazards on the property.

16. Prior to the incident complained of herein, Defendant Safeway had a duty to protect Plaintiff Patricia and others from the unreasonable risk of harm presented by the water on the tile floor.

17. Defendant Safeway negligently breached its duty to Plaintiff Patricia and the injuries she sustained were directly and proximately caused by the negligence of Defendant Safeway.

18. The negligence of Defendant Safeway consisted of, but was not limited to, the following:

 a. Defendant Safeway failed to perceive, monitor, or inspect the water on to the tile floor;

 b. Defendant Safeway failed to repair, address, or clean up the water on the tile floor;

 c. Defendant Safeway's actions or omissions caused the water to accumulate on the tile floor;

 d. Defendant Safeway failed to warn of the water on the tile floor;

 e. Defendant Safeway failed to have the leaking cooler system maintained, repaired and/or replaced in a reasonable and/or timely fashion;

 f. Defendant Safeway created this unreasonable risk of harm in the form of water on the tile floor within an aisle;

 g. Permitting an unreasonable risk of harm to exist on its property;

 h. Failing to properly inspect, monitor, supervise, maintain or otherwise oversee its property so as to prevent the unreasonable risk of harm;

 i. Failing to eliminate the unreasonable risk of harm;

 j. Failing to warn, advise, cone, or otherwise provide notice to Plaintiff Patricia regarding the unreasonable risk of harm.

19. The negligent acts and/or omissions of Defendant Safeway were the direct and proximate causes of the injuries and damages to Plaintiff Patricia.

/

/

## COUNT II
## NEGLIGENCE OF DEFENDANT JOHN DOE AND/OR DEFENDANT JOHN DOE VENDOR

20. Plaintiffs restate the allegations of Paragraphs 1 through 19 and incorporate those paragraphs by reference.

21. At all relevant times hereto, Defendant John Doe and/or Defendant John Doe Vendor sold, leased, and/or provided refrigeration units to Defendant Safeway.

22. At all relevant times hereto, Defendant John Doe and/or Defendant John Doe Vendor were responsible for the installation, maintenance, upkeep, and/or service of refrigeration units at Safeway Kihei.

23. Defendant John Doe and/or Defendant John Doe Vendor had a duty to properly install, maintain, and/or service the refrigeration units at Safeway Kihei.

24. Prior to the incident complained herein, Defendant John Doe and/or Defendant John Doe Vendor knew or should have know of the unreasonable risk of harm presented by constant water spillage caused by said refrigeration units.

25. Defendant John Doe and/or Defendant John Doe Vendor negligently breached their duty to Plaintiff Patricia and the injuries she sustained were directly and proximately caused by the negligence of Defendant John Doe and/or Defendant John Doe Vendor.

26. The negligence of Defendant John Doe and/or Defendant John Doe Vendor consisted of, but was not limited to, the following:

   a. Providing and/or installing refrigeration units which leaked water;

   b. Permitting an unreasonable risk of harm to exist as a result of its actions or omissions concerning the refrigeration units;

   c. Failing to properly inspect, monitor, supervise, maintain or otherwise

      oversee the refrigeration units so as to prevent the leakage of water which created an unreasonable risk of harm;

  d. Failing to eliminate and/or repair the water leakage of the refrigeration units, and;

  e. Failing to warn, advise, cone or otherwise provide notice to Plaintiff Patricia regarding the unreasonable risk of harm posed by water leakage.

27. The negligent acts and/or omissions of Defendant John Doe and/or Defendant John Doe Vendor were the direct and proximate causes of the injuries and damages to Plaintiff Patricia.

## COUNT III
### PREMISES LIABILITY OF DEFENDANT SAFEWAY, INC.

28. Plaintiffs restate the allegations of Paragraphs 1 through 27 and incorporate those paragraphs by reference.

29. Defendant owned, maintained, constructed, designed, controlled, and managed the subject property in general.

30. Defendant had a duty to eliminate, prevent or warn of any unreasonable risk of harm existing on the property.

31. Defendant breached its duty to eliminate, prevent or warn of the unreasonable risk of harm.

32. Defendant's negligence includes, but is not limited to, its failure to control, maintain, supervise, repair, inspect, eliminate, or warn about the unreasonable risk of harm upon its premises.

33. Defendant's negligence is the direct and actual cause of Plaintiffs' injuries and resulting damages.

/

## COUNT IV
## LOSS OF CONSORTIUM

34. Plaintiffs restate the allegations of Paragraphs 1 through 33 and incorporate those paragraphs by reference.

35. As a direct and proximate result of Defendants' wrongful conduct, acts, and/or omissions, Plaintiff Tom has suffered and will continue to suffer mental and emotional trauma because of loss of society, companionship, comfort, protection, and care provided to and by Plaintiff Patricia, his wife.

## DAMAGES

36. Plaintiffs restate the allegations of Paragraphs 1 through 35 and incorporate those paragraphs by reference.

37. As a direct and proximate result of the negligent acts and/or omissions of Defendants, Plaintiffs have suffered severe and permanent injuries.

34. As a direct and proximate result of the negligent acts and/or omissions of Defendants, Plaintiffs have incurred extensive medical expenses and will continue to incur medical expenses in the future.

35. As a direct and proximate result of the negligent acts and/or omissions of Defendants, Plaintiffs have incurred and will continue to incur pain and suffering and emotional distress.

36. As a direct and proximate result of the negligent acts and/or omission of the Defendants, Plaintiff Tom has incurred mental and emotional trauma, and a loss of consortium.

## PUNITIVE DAMAGES

37. Plaintiffs restate the allegations of Paragraphs 1 through 36 and incorporate those paragraphs by reference.

38.     The conduct of Defendants represents actions done wantonly, or oppressively, or with such malice as implies a spirit of mischief or criminal indifference to civil obligations, and/or willful and wanton misconduct, and/or actions that exhibit an entire want of care which would raise the presumption of a conscious indifference to consequences.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for such general, special and exemplary damages to which Plaintiff shall be entitled, pursuant to proof to be adduced at trial, together with costs of suit, pre-judgment and post-judgment interest, and such other relief, both legal and equitable, as this Court deems appropriate and just.

DATED: Wailuku, Hawai'i, August 2, 2021

/s/ Mark D. Reck
JAN K. APO
MARK D. RECK
NAOMI M. KUSACHI

Attorneys for Plaintiff

| STATE OF HAWAI'I CIRCUIT COURT OF THE SECOND CIRCUIT | SUMMONS TO ANSWER CIVIL COMPLAINT | |
|---|---|---|
| **CASE NUMBER** | **PLAINTIFF'S NAME & ADDRESS, TEL. NO.** JAN K. APO 2906 MARK D. RECK 9316 NAOMI M. KUSACHI 9982 24 N. CHURCH STREET, SUITE 302 WAILUKU, HAWAII 96793 PHONE: (808) 244-6073 FACSIMILE: (808) 495-4441 | |
| **PLAINTIFF** PATRICIA LEMIRE, and TOM BRZOZOWSKI | | |
| **DEFENDANT(S)** SAFEWAY, INC., a Foreign Profit Corporation; JOHN AND JANE DOES 1-10; JOHN DOE PARTNERSHIPS 1-10; JOHN DOE CORPORATIONS 1-10; and JOHN DOE GOVERNMENTAL ENTITIES 1-10 | | |

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to filed with the court and serve upon
JAN K. APO 2906
MARK D. RECK 9316
NAOMI M. KUSACHI 9982
24 N. CHURCH STREET, SUITE 302
WAILUKU, HAWAII 96793

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

Effective Date of 28-Oct-2019
Signed by: /s/ D. Pellazar Clerk,
2nd Circuit, State of Hawai'i



DATE ISSUED _____



If you need an accommodation for a disability when participating in a court program, service, or activity, please contact the ADA Coordinator as soon as possible to allow the court time to provide an accommodation:
Call (808) 244-2855 FAX (808) 244-2932 OR Send an e-mail to: adarequest@courts.hawaii.gov. The court will try to provide, but cannot guarantee, your requested auxiliary aid, service or accommodation.